UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAYE BRETZ,

    Plaintiff,                                             CASE NO.:

vs.

MIDLAND CREDIT MANAGEMENT, INC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described herein occurred in Macomb County, Michigan. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person who is over the age of eighteen (18) who resides in Macomb County, Michigan.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

6. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

7. At all times material hereto, Defendant was and is a foreign corporation, authorized to conduct business and conducting business in California, with its principal office at 3111 Camino Del Rio North, Suite 1300, San Diego, California, 92108.

8. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5).

9. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (586) 930-2952, and was the called party and recipient of Defendant's above described calls.

10. In or about late 2012, Plaintiff received a telephone call to her aforementioned cellular telephone number, from Defendant seeking to recover a debt from an individual unknown to her. Plaintiff immediately informed Defendant that they had the wrong number, and that does not know who they were calling for.

11. From approximately 2012 through the filing of this Complaint, Defendant has called Plaintiff's aforementioned cellular telephone on a daily basis, despite being informed that they had the wrong number.

12. On numerous occasions, Plaintiff has answered Defendant's call, informing them that they have the wrong number, and to stop calling her.

13. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

14. To date, Defendant has placed approximately one-hundred (100) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing at least twenty-seven (27) calls from September 17, 2013 through September 28, 2013).

15. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

16. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

17. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

18. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce

telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

19. Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

20. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

21. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

22. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

23. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

24. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

25. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

26. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

27. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

28. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

29. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (28), as if fully set forth herein.

30. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further

violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

31. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (28), as if fully set forth herein.

32. Plaintiff has been the object of collection activity by Defendant arising from an alleged consumer debt.

33. Defendant is a "debt collector" as defined by the FDCPA.

34. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

35. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

36. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

37. Defendant engaged in an act or omission prohibited under 15 U.S.C.

§1692e(2) by engaging in conduct that misrepresents the character, amount of legal status of the alleged debt.

38. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's aforementioned cellular telephone number, and failing to inform Plaintiff that the calls were from a debt collector, attempting to collect a debt.

39. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

40. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692g(a) by failing to send Plaintiff the required written validation notice within five (5) days of the initial communication.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendant for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

Respectfully submitted,


<u>s/Julie A. Petrik (P47131)</u>
Julie A. Petrik, Esquire
Lyngklip & Associates Consumer Law, PLC
Attorney for Plaintiff
24500 Northwestern Hwy, Suite 206
Southfield, MI 48075
(248) 208 8864
Julie@MichiganConsumerLaw.com

*And*


<u>s/*Amanda Allen*                              </u>
Amanda Allen, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
AAllen@ForThePeople.com
Florida Bar #:  0098228
Attorney for Plaintiff